United States District Court
Southern District of Texas
**ENTERED**
April 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VTX COMMUNICATIONS, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-cv-00269 |
| | § | |
| AT&T INC., et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendants' Motion to Dismiss, and, in the Alternative, Motion for Judgment on the Pleadings"[1] and Plaintiffs' response,[2] and "Plaintiffs' Motion for Leave to Conform Plaintiffs' Second Amended Texas State Court Petition to Federal Rule of Civil Procedure 23.1"[3] and Defendants' response.[4] After considering the motions, record, and relevant authorities, the Court **GRANTS** Plaintiffs' motion for leave to conform its complaint to Federal Rule of Civil Procedure 23.1[5] and **DENIES AS MOOT** Defendant's motion to dismiss.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a complex telecommunications partnership compensation dispute. The suit is brought by limited partners against the general partner and the general partner's controllers. The Court finds it elucidating to delineate the parties[6]:

---

[1] Dkt. No. 5
[2] Dkt. No. 20.
[3] Dkt. No. 49.
[4] Dkt. No. 52.
[5] Dkt. No. 49.
[6] Pls.' Second Am. Pet. 67, Dkt. No. 1-2. Page numbers in citations in these footnotes disregard the exhibit number and the document's printed page number in favor of the actual page number of the filing (i.e., page 67 is sixty-seven pages from the first page of the filing).

| Plaintiffs / Limited Partners | | Defendants | |
|---|---|---|---|
| <ul><li>VTX Investments, LLC</li><li>VTX Communications, LLC</li></ul>individually and derivatively on behalf of: | McAllen-Edinburg-Mission SMSA Limited Partnership | <ul><li>McAllen-Edinburg-Mission SMSA Limited Partnership</li><li>Texas RSA 18 Limited Partnership</li><li>Texas RSA 19 Limited Partnership</li></ul> | |
| <ul><li>VTX Investments, LLC</li><li>VTX Communications, LLC</li><li>SWT Unregulated Properties, Inc.</li></ul>individually and derivatively on behalf of: | Texas RSA 18 Limited Partnership | <ul><li>New Cingular Wireless PCS, LLC d/b/a AT&T Mobility</li></ul>individually and in its capacity as General Partner of: | <ul><li>McAllen-Edinburg-Mission SMSA Limited Partnership</li><li>Texas RSA 18 Limited Partnership</li><li>Texas RSA 19 Limited Partnership</li></ul> |
| <ul><li>VTX Investments, LLC</li><li>VTX Communications, LLC</li><li>Riviera Cellular and Telecommunications, Inc.</li></ul>individually and derivatively on behalf of: | Texas RSA 19 Limited Partnership | <ul><li>AT&T Mobility Corporation</li><li>Cricket Communications, LLC</li><li>Cricket Wireless LLC</li></ul>individually and in their capacity as Manager of: | <ul><li>New Cingular Wireless PCS, LLC d/b/a AT&T Mobility</li></ul> |
| | | <ul><li>AT&T Inc.</li></ul>as parent of: | <ul><li>New Cingular Wireless PCS, LLC d/b/a AT&T Mobility</li><li>AT&T Mobility Corporation</li><li>Cricket Communications, LLC</li><li>Cricket Wireless LLC</li></ul> |

Plaintiffs bring this dispute over (1) revenue compensation and distributions allegedly withheld from certain limited partners of three different partnerships by the common general partner of the three partnerships; and (2) the authorized scope of the partnerships' network utilization and

2 / 10

operation by the general partner and its managing and parent entities.[7] The General Partner, specifically New Cingular Wireless PCS, LLC d/b/a AT&T Mobility, operates and manages the three limited partnerships, specifically the McAllen-Edinburg-Mission SMSA Limited Partnership, the Texas RSA 18 Limited Partnership, and the Texas RSA 19 Limited Partnership, which provide "AT&T-branded wireless service in South Texas."[8] The three limited partnerships have exclusive authority to provide AT&T-branded wireless service in the partnerships' respective South Texas service areas.[9] However, Plaintiffs allege that Defendants have been using the networks and wireless spectrums operated by Plaintiffs "in derogation of" Defendants' duties to the Plaintiffs, specifically by Defendants' operation of a Cricket Wireless network "without proper compensation or at no compensation" to the three limited partnerships and thus to the detriment of the Plaintiffs.[10] Plaintiffs provide the example that when AT&T Inc. purchased Cricket Wireless, AT&T Inc. allegedly operated "Cricket assets in the Partnership service areas as a separate business in competition with the Partnerships using the Partnership's network to serve that business."[11] Plaintiffs detail their history with Defendants and allegations of deliberate failures and grossly negligent mismanagement of the partnerships at length,[12] for example by alleging Defendants' sale of cell phone location information to third parties without accounting to the three limited partnerships for those revenues.[13] Plaintiffs allege that Defendants have been obscuring Defendants' impermissible profits in opaque financial statements and refusing to make full disclosure to the three limited partnerships,[14] thus Plaintiffs are forced to

---

[7] Dkt. No. 48 (citing Dkt. No. 1-2 at 66–103).
[8] Dkt. No. 5 at 9.
[9] Dkt. No. 1-2 at 67–68, ¶ 1.
[10] *Id.* at 68, ¶ 1.
[11] *Id.* at 70, ¶ 6.
[12] *See id.* at 69–78, ¶¶ 2–18.
[13] *Id.* at 77–78, ¶ 17(h).
[14] *See id.* at 70, ¶ 5 (alleging that Defendants only reimbursed the three limited partnerships for data traffic carried on their respective networks instead of paying an arms-length rate).

pursue judicial relief.[15] Plaintiffs bring causes of action for breach of fiduciary duty, breach of the partnership agreements, tortious interference, conversion, aiding and abetting, and fraud.[16]

Plaintiffs filed an original petition in Texas state court on October 21, 2016.[17] Defendants answered on December 19, 2016.[18] Plaintiffs filed a First Amended Petition on October 26, 2018,[19] then a Second Amended Petition on July 3, 2019.[20] Defendants removed to this Court on August 2, 2019.[21] Defendants filed the instant motion to dismiss and alternative motion for judgment on the pleadings on August 9, 2019, and the motion is ripe for decision.[22] On February 26, 2020, this Court issued an order addressing numerous motions and concluding, for purposes of this order, that the Court has jurisdiction over this case and that the operative pleading is Plaintiffs' Second Amended Petition.[23]

As a preliminary matter, the Court notes Defendants' motion to dismiss lacks numbered paragraphs, hindering the Court's reference to Defendants' arguments.[24] The Court cautions Defendants that all submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[25]

---

[15] *Id.*
[16] *Id.* at 81–99, ¶¶ 35–99.
[17] *Id.* at 1.
[18] *Id.* at 29.
[19] *Id.* at 38–39.
[20] *Id.* at 66–67.
[21] Dkt. No. 1.
[22] Dkt. No. 5.
[23] Dkt. No. 48.
[24] Dkt. No. 5.
[25] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." (emphasis added)).

## II. MOTION FOR LEAVE TO AMEND

On March 6, 2020, Plaintiffs filed "Plaintiffs' Motion for Leave to Conform Plaintiffs' Second Amended Texas State Court Petition to Federal Rule of Civil Procedure 23.1,"[26] which drew the Court's attention to the Rule 23.1 issue. The Court now considers the motion.

### a. Legal Standards

Neither party disputes that Federal Rule of Civil Procedure 23.1 applies to this case.[27] Under Rule 23.1, a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association."[28] Furthermore, the Rule provides:

> The complaint must be verified and must:
> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
> (3) state with particularity:
> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
> (B) the reasons for not obtaining the action or not making the effort.[29]

The Rule "was not written in order to bar derivative suits. Unquestionably it was originally adopted and has served since in part as a means to discourage 'strike suits' by people who might be interested in getting quick dollars by making charges without regard to their truth so as to coerce corporate managers to settle worthless claims in order to get rid of them."[30]

---

[26] Dkt. No. 49.
[27] *See* Dkt. No. 5 at 18 n.45; Dkt. No. 23 at 29, ¶ 39; Dkt. No. 23 at 29, ¶ 39.
[28] FED. R. CIV. P. 23.1(a).
[29] FED. R. CIV. P. 23.1(b).
[30] *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 371 (1966).

With respect to Plaintiffs' proposed amendment, after the 21-day deadline from service of a pleading for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[31] Plaintiffs' Second Amended Petition was filed in July 2019,[32] so Plaintiffs' 2020 motion for leave was after the 21-day deadline and so requires the Court's leave. "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend."[33] This Court will "generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice."[34] This is especially true where a complaint was removed from a notice-pleading jurisdiction to federal court.[35] In determining whether to allow leave to amend a pleading, courts examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[36] As to the fifth factor, the Fifth Circuit has held that that courts "need not indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[37] Absent such factors, the Court should freely grant the requested leave.[38] Nonetheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[39] "At some point a court must decide that a

---

[31] FED. R. CIV. P. 15(a).
[32] Dkt. No. 1-2 at 66–67.
[33] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).
[34] *Bittinger v. Wells Fargo Bank NA*, No. CIV.A. H-10-1745, 2011 WL 3568206, at *3 (S.D. Tex. Aug. 15, 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) & *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)).
[35] *See Pena v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013)) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment.").
[36] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[37] *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)).
[38] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[39] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established," this Court will dismiss the suit.[40]

### b. Discussion

As noted above, the parties agree that Federal Rule of Civil Procedure 23.1 applies to Plaintiff's claims. However, the parties disagree as to the course by which this case should proceed. Defendants move to dismiss or alternatively for judgment on the pleadings against Plaintiffs' Second Amended Petition[41] on the grounds that VTX Investments, LLC; VTX Communications, LLC; SWT Unregulated Properties, Inc.; and Riviera Cellular and Telecommunications, Inc., as limited partners of the three limited partnerships, bring direct claims against the three limited partnerships and so cannot fairly and adequately represent the partnerships.[42] Defendants also assert that Plaintiffs' claims are not verified and fail to state with particularity the effort Plaintiffs made to seek relief or reasons for not making the effort.[43] Plaintiffs respond that they are the only parties equipped to represent the partnerships, meet the standard for fair and adequate representation, that Plaintiffs' complaint need not be verified under applicable law, and that Plaintiffs have demonstrated that pre-suit demand for redress would have been futile.[44] Defendants reply that Plaintiffs' complaint must be verified and that Plaintiffs can neither fully represent the partnerships nor demonstrate demand futility.[45]

Whether Plaintiffs' complaint must be, and is properly, verified is the most prominent and potentially dispositive issue. Citing an Eastern District of New York case, Plaintiffs argue in their response to Defendants' motion for judgment on the pleadings that Rule 23.1 is only an

---

[40] *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).
[41] Dkt. No. 1-2 at 66.
[42] Dkt. No. 5 at 37–38.
[43] *Id.* at 38–39.
[44] Dkt. No. 20 at 43–48, ¶¶ 74–87.
[45] Dkt. No. 23 at 29–30, ¶¶ 39–41.

impediment to derivative lawsuits solely brought to harass or force a quick settlement.[46] Even if this contention is sound, it simply demonstrates why Plaintiffs must comply with Rule 23.1. "Before a court can proceed with a derivative suit, it must be assured that the plaintiff or some other person has investigated the charges and found them to have substance."[47]

In their brief in response to Defendants' motion to dismiss, Plaintiffs argue Delaware law.[48] In contrast, Plaintiffs' motion for leave to amend seeks "to comply with the pleading requirements specified in Federal Rule of Civil Procedure 23.1."[49] Plaintiffs' later filing is apt; Plaintiffs do not argue or demonstrate why this Court would ignore Federal Rule of Civil Procedure 23.1 in assessing the instant complaint. The Court agrees with Defendants that "Plaintiffs have failed to verify their Second Amended Petition, as required to state a derivative claim under Rule 23.1(b)."[50] Plaintiffs admit "there was no reason for Plaintiffs to address Federal Rule 23.1 in the live pleading" that was originally filed in state court.[51]

Accordingly, the Court assesses whether Plaintiffs' leave to amend is meritorious and cures Plaintiffs' failure to meet the pleading requirements of Federal Rule of Civil Procedure 23.1. The proposed amended complaint fails for the simple reason that it is also not verified. "The complaint must be verified"[52] or supported by a separate affidavit. The complaint and its allegations (however meritorious and factually based) cannot themselves constitute verification without some separate statement of verification, or else the language of Rule 23.1(b) requiring verification would be rendered meaningless and subsumed by the existence of the complaint itself. Although Plaintiffs' proposed amended complaint is signed by Plaintiffs'

---

[46] Dkt. No. 20 at 45, ¶ 79.
[47] *Porte v. Home Fed. Sav. & Loan Ass'n of Chi.*, 409 F. Supp. 752, 754 (N.D. Ill. 1976) (citing *Rogosin v. Steadman*, 65 F.R.D. 365 (S.D.N.Y. 1974)).
[48] Dkt. No. 20 at 45, ¶¶ 80–81.
[49] Dkt. No. 49 at 3, ¶ 2.
[50] Dkt. No. 5 at 39.
[51] Dkt. No. 49 at 4, ¶ 7.
[52] FED. R. CIV. P. 23.1(b).

attorney-in-charge,[53] it is neither verified nor supported by affidavit. Accordingly, Plaintiffs' Second Amended Petition[54] and proposed "Second Amended Petition Conformed to Federal Rule of Civil Procedure 23.1"[55] are subject to dismissal for failure to comply with the Federal Rules of Civil Procedure.[56] However, the Court will not dismiss the complaint with prejudice for what the Court assumes to be inadvertence regarding the verification. Rather, the Court **GRANTS** Plaintiff's motion to amend[57] to authorize compliance with Rule 23.1.

The Court has no occasion to reach the arguments regarding, and makes no determination upon, whether Plaintiffs' allegations are sufficient to state a claim or whether Plaintiffs will be able to meet the other requirements of Federal Rule of Civil Procedure 23.1 if Plaintiffs' complaint is properly verified. Accordingly, Defendants' motion for judgment on the pleadings[58] is **DENIED AS MOOT** to the extent it seeks favorable judgment on any grounds other than those raised with respect to Federal Rule of Civil Procedure 23.1, because Defendants' motion is addressed to a complaint which is now inoperative.[59]

### III. CONCLUSION

The Court **GRANTS** Plaintiffs' motion for leave to conform its complaint to Federal Rule of Civil Procedure 23.1.[60] In light of the Court's holding, the Court **DENIES AS MOOT** Defendants' motion to dismiss[61] to the extent not granted herein and **DENIES** Plaintiffs' request

---

[53] Dkt. No. 49-1 at 37.
[54] Dkt. No. 1-2.
[55] Dkt. No. 49-1.
[56] FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also C.R.A. Realty Corp. v. Scor U.S. Corp.*, No. 92-cv-2093-LMM, 1992 U.S. Dist. LEXIS 15537, at *2 (S.D.N.Y. Oct. 9, 1992) (dismissing complaint for failure of verification pursuant to Federal Rule of Civil Procedure 41(b)).
[57] Dkt. No. 49.
[58] Dkt. No. 5.
[59] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").
[60] Dkt. No. 49.
[61] Dkt. No. 5.

for oral argument pursuant to Local Rule 7.5(A).[62] Plaintiffs are **ORDERED** to file an amended complaint by **May 8, 2020**.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 23rd day of April 2020.

                                                Micaela Alvarez
                                              United States District Judge

---

[62] Dkt. No. 20 at 50, ¶ 93.