Case 7:19-cv-00269   Document 120   Filed on 03/16/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VTX COMMUNICATIONS, LLC, et al., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:19-cv-00269 |
| AT&T INC., et al., | § § | |
| Defendants. | § § § | |

## ORDER AND OPINION

The Court now considers Plaintiffs' "Motion to Dismiss or Strike Defendants' Offset Theory,"[1] Defendants' response,[2] and Plaintiffs' reply.[3] After considering the arguments, evidence, and relevant authorities, the Court **GRANTS** Plaintiffs' motion.

### I.  BACKGROUND

Defendants' original answer, filed August 26, 2020, states 25 affirmative defenses, one of which simply reads, "Plaintiffs' claims are barred, in whole or in part, by the doctrine of offset."[4] In June 2021, Defendants' auditor discovered an operating system mistake which had been duplicating Cricket VoLTE outcollect minutes of use (MOUs).[5] This resulted in an excess capital distribution, but Defendants opted to book it as a discretionary contribution instead of seeking reimbursement from the Partnerships.[6]

---

[1] Dkt. No. 86.
[2] Dkt. No. 89.
[3] Dkt. Nos. 105, 106.
[4] Dkt. No. 63 at 26, ¶ 132.
[5] Dkt. No. 106 at 53.
[6] *Id.*

On a partnership call sometime in 2022, Melody Deaver made the Limited Partners aware of the overpayment but told them that it would not be charged to the Partnerships.[7] On September 15, 2022, at 6:48 p.m.[8] (the night before the parties' discovery deadline), Defendants emailed to Plaintiffs their Second Amended Rule 26 disclosures.[9] Therein, despite their earlier representation, Defendants claim $53,715,802 in setoff for the overpayment.

## II.   ANALYSIS

Plaintiffs now move the Court to dismiss or strike Defendants' offset theory from their Answer. Defendants ask the Court to deny that motion or, in the alternative, allow amendment of their answer to supplement their offset theory.

### A. Plaintiff's motion to strike under Rule 12(f)

The parties disagree whether Defendants' offset theory is best understood as an affirmative defense or as a counterclaim. Plaintiffs argue that offset is a counterclaim which can be dismissed under *Twombly* and *Iqbal*.[10] Defendants argue that it is an affirmative defense (which is how they listed it in their answer).[11] Both sides cite Fifth Circuit cases supporting their positions.

But the Court need not overthink this fork in the road because Defendants fail even on their favored view. Even if the offset theory is an affirmative defense, there is a minimum pleading standard such that Defendants "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[12] The affirmative defense must be "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise."[13] Simply naming the affirmative defense may or may not be sufficient, depending

---

[7] *Id.* at 25-26 (Deposition of David Osborne).
[8] Dkt. No. 105 at 8, n.29.
[9] Dkt. No. 106 at 1.
[10] Dkt. No. 86 at 4, ¶ 6.
[11] Dkt. No. 89 at 4-5, ¶ 8.
[12] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[13] *Id.* (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)).

on the context.[14] "Plaintiffs must be aware of issues outside of their petitions so that they can prepare oppositions and adjust their cases in light of new facts and issues."[15]

In *Tauch*, the Fifth Circuit affirmed the district court's rejection of a defendant's setoff defense filed after the plaintiff filed its summary judgment motion. There, the Court found that the plaintiff was "'unquestionably prejudiced' . . . in its ability to respond because the claim would require proof of additional facts beyond the face of the complaint, the general allegations in [defendant's] answer failed to provide any notice that defenses might be raised as the case progressed, [and] all of the critical pretrial deadlines had passed or were about to expire."[16]

Here, Defendants cannot show fair notice. Defendants' boilerplate affirmative defense might provide more notice in a simpler case where it is clear what Defendant aimed to prove by claiming an "offset". But this is not a simple case. This case involves years of constant and varied transactions between several entities which are parties to this suit. Defendants' pleadings do not apprise Plaintiffs whether they should go looking for a litigable setoff claim in the Cricket payments, the AT&T post-paid roaming payments, the spectrum Service Agreements, or elsewhere. Defendants' boilerplate language in August 2020 could not have given notice of an overpayment not yet discovered. Defendants fail on specificity and factual particularity.[17]

The Court also finds Defendants' tactic here resulted in unfair surprise because, among other things, the supplementation was not timely. Rule 26(e) requires a party to "supplement or correct its disclosure or response *in a timely manner if the party learns* that in some material respect the disclosure or response is incomplete or incorrect and . . . has not otherwise been made known

---

[14] *Id.*
[15] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 402 (5th Cir. 2014)
[16] *Id.*
[17] *See Woodfield*, 193 F.3d at 362.

to the parties."[18] Defendants discovered the overpayment in June 2021,[19] but waited over a year (until the night before the discovery deadline) to claim it as a setoff.[20] Knowing that this protracted litigation is the oldest case on the Court's docket and that the Court would be reluctant to grant additional discovery, Defendants' timing indicates an intent to prejudice Plaintiffs' ability to fairly litigate the issue, or else it was strictly dilatory. These are just the circumstances in which the Fifth Circuit has affirmed a district court's denial of setoff.[21] Furthermore, after the overpayment was discovered, Defendants' handling of it could reasonably lead Plaintiffs to believe that this overpayment would *not* be the basis of the "offset" in the original answer.

B. <u>Defendants motion to amend their answer</u>

"Although, Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired."[22] This Court did not list an amendment deadline in its scheduling orders. But Defendant's requested amendment now (at the dispositive motion stage) is late for the same reasons animating the Fifth Circuit's rule on missed deadlines—namely, prejudice or delay.[23]

In determining whether good cause exists under Rule 16(b)(4), the Court considers:

(1) the explanation for the failure to timely comply with the scheduling order;

(2) the importance of the modification;

(3) potential prejudice in allowing the modification; and

(4) the availability of a continuance to cure such prejudice.[24]

---

[18] FED. R. CIV. P. 26(e)(1)(A) (emphasis added).
[19] Dkt. No. 106 at 53.
[20] Dkt. No. 105 at 8, n.29.
[21] *See Tauch*, 751 F.3d at 402.
[22] *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (citing *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)) (internal quotation marks omitted).
[23] *Id.* at 237-238.
[24] *Id.* at 237 (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (cleaned up).

Defendants give no explanation for failing to timely supplement their initial disclosures or seek leave to amend their answer when the overpayment was discovered in June 2021. Defendants offer no justification for unveiling their intent to pursue repayment (despite their previous representations to the contrary) after the close of business the day before the discovery deadline. The evidence shows that Defendants could have reasonably sought amendment over a year before it did so.

Defendants make no argument that amendment would not be prejudicial to Plaintiffs. Instead, they incorrectly blurt out that "Plaintiffs have not alleged any prejudice."[25] The timing of Defendants' disclosure and request for leave *do* prejudice Plaintiffs. It precluded them from conducting discovery on the issue before the Court's deadline, and it prevented them from filing dispositive motions on the issue before the Court's deadline. The Court "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."[26] Furthermore, the prejudice cannot be cured by a mere continuance; it would necessitate more discovery and extension of this case indefinitely.

### III.   CONCLUSION

Accordingly, the Court hereby *sua sponte* **STRIKES** paragraph 132, Defendants' offset theory, from its Answer[27] pursuant to Federal Rule of Civil Procedure 12(f)(1). For the same reasons of prejudice or delay, the Court **DENIES** Defendants' motion for leave to amend their answer at this stage—after discovery and dispositive motions.

The Court cautions Plaintiffs, however, that it does not intend to pretend the Cricket VoLTE mistake does not exist. The Court's evaluation of damages will be a function of a judicially

---

[25] Dkt. No. 89 at 9, ¶ 19; *contra* Dkt. No. 86 at 5, ¶ 8.
[26] *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (per curiam).
[27] Dkt. No. 63 at 26.

determined rate times the *actual* volume serviced by the Partnerships. Defendants' procedural failures to bring the overpayment as a counterclaim or affirmative defense will not excise it from the evidence for purposes of damages.

As a result, if Plaintiffs attempt to magnify their damages by reference to clearly duplicated MOU figures, the Court may reinstate equitable defenses or consider them *sua sponte* to avoid unjust enrichment. The true issue to be argued and resolved at trial—as the Court sees it—is the rate, not the volume.

If appropriate and necessary, the parties may also inform their experts of the overpayment issue so as to adjust damage figures and the percent of the Partnerships' total capacities used by Cricket. If the experts do adjust their figures, the Court does not anticipate that it would impact the substance of the arguments made in the parties' motions to strike.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of March 2023.

                                                                        _____
                                                                                Micaela Alvarez
                                                                  United States District Judge